UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARCOS F. SANTIAGO,  :
    Plaintiff  :
      :
v.  :  CIVIL NO. 4:CV-08-102
      :
      :  (Judge McClure)
ASSISTANT WARDEN EY, ET AL.,  :
    Defendants  :

**<u>ORDER</u>**

September15, 2008

This *pro se* civil rights action was filed by Marcos Santiago, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania. Service of the Complaint was previously ordered.

Presently pending is Plaintiff's motion seeking appointment of counsel. Santiago contends that he has sinusitis and neck problems, this matter is becoming complex, and he needs a lawyer to assist him in litigating this matter. *See* Record document no. 56.

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, this Court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994); *Ray v. Robinson*, 640 F.2d

474, 477 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The Court of Appeals subsequently reiterated that "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak*,   294 F.3d 492, 498 (3d Cir. 2002) (citation omitted). *Montgomery* also emphasized that the criteria developed in *Tabron* should be employed in addressing the appointment of counsel issue.  Thereafter, in a non-precedential decision,  *Gordon v. Gonzalez*, No. 04-4623, 2007 WL 1241583 * 2 n. 4 (3d Cir.  April 30, 2007), the Third Circuit Court of Appeals stated that two additional factors which should be taken into consideration are: (1) the court's willingness to aid the indigent party in presenting his or her case; and (2) the available supply of lawyers willing to accept § 1915(e) requests within the relevant geographical area.

Based on a review of Plaintiff's motion as well as his Complaint, he has failed to set forth sufficient special circumstances or factors that would warrant appointment of counsel at the present time. *Tabron, supra*, at 155-56.  In his

2

submissions to date, Santiago has demonstrated that he is capable of presenting comprehensible arguments. Furthermore, this Court's liberal construction of *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), coupled with Plaintiff's apparent current ability to litigate this action *pro se,* mitigate against the appointment of counsel. In addition, the legal issues are relatively uncomplicated, and the Court cannot say, at least at this point, that Santiago will suffer substantial prejudice if he is forced to prosecute this case on his own.

Therefore, Santiago's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed by Plaintiff. An appropriate Order will enter.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

Plaintiff's motion for appointment of counsel (Record document no. 56) is **DENIED**.

  /s James F. McClure, Jr.  
James F. McClure, Jr.  
United States District Judge