IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARCOS F. SANTIAGO,** | **CIVIL NO. 4:08-CV-0102** |
| **Plaintiff** | |
| | **(Judge Rambo)** |
| v. | |
| **ASSISTANT WARDEN EY,** *et al.,* | |
| **Defendants** | |

## **M E M O R A N D U M**

Before the court is a motion to reopen the captioned case filed pursuant to Federal Rule of Civil Procedure 60(b)(6). A motion under Rule 60(b)(6) may be granted for any reason that justifies relief and made within a reasonable time. For the reasons set forth below, the motion will be denied.

On January 16, 2008, Plaintiff, Marcos F. Santiago, a prisoner at USP Allenwood at White Deer, Pennsylvania, filed a complaint against officers and medical personnel at the prison, alleging deliberate indifference to a serious medical condition. The serious medical conditions alleged were sinusitis, headaches, chest pains, dizziness and fainting.

Santiago was appointed *pro bono* counsel from the McCormick law firm in Williamsport, Pennsylvania. On April 25, 2011, a joint Stipulation to Withdraw Plaintiff's Complaint was filed (Doc. 168), based on the fact that the expert obtained by Plaintiff's counsel would not supply a certificate of merit necessary to proceed with Santiago's case. Santiago agreed to the stipulation (Doc. 169). On April 26, 2011, this court approved the stipulation and terminated the case (Doc. 168).

On May 7, 2011, Santiago, in a letter addressed to Judge McClure[1] (doc. 169), requested that the complaint not be dismissed.  Because Santiago was still represented by counsel on the record in this case, the court directed Santiago to communicate with counsel to determine their representation of him (Doc. 170) and, if counsel were no longer representing him, he was directed to file an appropriate motion.  On June 23, 2011, Santiago filed a motion to reopen (Doc. 171).  Because *pro bono* counsel was still on record as representing Santiago, the motion was not given consideration.  On June 27, 2011, counsel was directed to notify this court if they intended to continue to represent Plaintiff or otherwise file a motion to withdraw (Doc. 172).  The motion to withdraw was filed on June 29, 2011 (Doc. 173) and was granted by order of June 30, 2011 (Doc. 174).

On July 28, 2011, Santiago filed a motion to reopen (Doc. 175).  By order dated July 11, 2011 (Doc. 176), this second motion to reopen was denied as moot and Santiago was directed to file a brief in support of his first motion to reopen no later than July 25, 2011.  He was advised that failure to file a timely brief in support would result in the motion being deemed withdrawn.  No brief was filed and, by order dated August 2, 2011 (Doc. 177), the first motion to reopen (Doc. 171) was deemed withdrawn.  On July 10, 2015, the instant motion to reopen (Doc. 178) was filed.

At some time during the progress of this case, Santiago was transferred to USP Canaan.  While there, he was seen by a heart specialist and underwent an angiogram and stress test.  The results showed Santiago suffered from dilated cardiomyopathy (Doc. 178).  This diagnosis was made in early June of 2011.

---

[1] This case was transferred to the undersigned on December 22, 2010.

Santiago believes that an expert might now be able and willing to give a certificate of merit so that his case can proceed.

As noted above, Plaintiff failed to file a brief in support of his motion to reopen (Doc. 171). Since the order of August 2, 2011 (Doc. 177), no further documents were filed in this action.[2]

A period of four years has passed since Santiago was given an opportunity to file a proper motion and brief or a new complaint based on new evidence that he believes supports his claim. This court does not consider this to be a reasonable time under Rule 60. Santiago does not set forth any reason for not complying with the order of July 11, 2011 or why he has waited four years to renew his motion.

The motion will be denied. An appropriate order will be issued.

                                            s/Sylvia H. Rambo
                                            United States District Judge

Dated: August 3, 2015.

---

[2] While the court perhaps erred in not directing Santiago to file a new complaint, the error was not prejudicial in light of the fact that he was given an opportunity to file a brief setting forth his argument to reopen the case.